**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC | § | |
|   and | § | |
| INTELLECTUAL VENTURES II LLC | § | |
| | § | Civil Action No. |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| OLD REPUBLIC GENERAL | § | JURY TRIAL DEMANDED |
| INSURANCE GROUP, INC.; | § | |
| OLD REPUBLIC INSURANCE | § | |
| COMPANY; | § | |
| OLD REPUBLIC TITLE ISURANCE | § | |
| GROUP, INC.; and | § | |
| OLD REPUBLIC NATIONAL TITLE | § | |
| INSURANCE COMPANY; | § | |
| | § | |
| | § | |
|     *Defendants.* | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Abraham Lincoln said that patents "added the fuel of interest to the fire of genius in the discovery and production of new and useful things."[1]  Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("Intellectual Ventures" or "Plaintiffs") agree.  Plaintiffs believe that ideas are valuable and are working to make applied research profitable, thereby attracting more private investment and ultimately increasing the number of inventions.  To support those goals, Plaintiffs file this Original Complaint for Patent Infringement against Defendants Old Republic General Insurance Group, Inc., Old Republic Insurance Company, Old Republic Title

---

[1] Lecture 'Discoveries, Inventions and Improvements' (22 Feb 1860) in John George Nicolay and John Hay (eds.), *Complete Works of Abraham Lincoln* (1894), Vol. 5, 113. In Eugene C. Gerhart, *Quote it Completely!* (1998), 802.

Insurance Group, Inc., Old Republic National Title Insurance Company (collectively, "Old Republic" or "Defendants"); and allege as follows:

## I.  NATURE OF THE SUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II.  THE PARTIES

2.      Plaintiff **Intellectual Ventures I LLC** ("Intellectual Ventures I") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue Southeast, Bellevue, Washington 98005.

3.      Plaintiff **Intellectual Ventures II LLC** ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue Southeast, Bellevue, Washington 98005.

4.      Defendant **Old Republic General Insurance Group, Inc.** is a corporation organized and existing under the laws of Delaware and maintaining its principal place of business at 307 North Michigan Avenue, Chicago, Illinois 60601.

5.      Defendant **Old Republic Insurance Company** is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and maintaining its principal place of business at 133 Oakland Avenue, Greenburg, Pennsylvania 15601.  Old Republic Insurance Company may be served at its registered office address at 414 West Pittsburgh Street, Greensburg, Pennsylvania 15602.

6.      Defendant **Old Republic Title Insurance Group, Inc.** is a corporation organized and existing under the laws of the state of Delaware and maintaining its principal place of business at 400 Second Avenue South, Minneapolis, Minnesota 55401.

7.    Defendant **Old Republic National Title Insurance Company** is a corporation organized and existing under the laws of Minnesota and maintaining its principal place of business at 400 Second Avenue South, Minneapolis, Minnesota 55401.

## III.  JURISDICTION AND VENUE

8.    This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.    This Court has specific personal jurisdiction over each Defendant pursuant to due process and the Pennsylvania Long Arm Statute because each Defendant either resides in this District or, directly or through intermediaries, has conducted and conducts substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Pennsylvania and in this District.

10.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b)–(d) and 1400(b) for the reasons set forth above.

## IV.  BACKGROUND

11.    Intellectual Ventures was founded in 2000 on the fundamental premise that inventions are valuable.  Since its founding, Intellectual Ventures has built on this premise by working to ensure that a market for invention continues to thrive. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop

and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions.  A significant aspect of Intellectual Ventures' business is managing the Plaintiffs in this case, Intellectual Ventures I and II.

12.    Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do.  To date, Intellectual Ventures has acquired more than 70,000 IP assets and, in the process, has paid individual inventors more than half a billion dollars for their inventions.  Intellectual Ventures has over $6 billion dollars in committed capital for inventions in over 50 technology areas. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

13.    Intellectual Ventures also creates inventions.  Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software.  Intellectual Ventures has invested millions of dollars developing such ideas and files hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

14.    Intellectual Ventures also invents by collaborating with inventors and research institutions around the world.  For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from

inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

15.     This cause of action asserts infringement of patents that Plaintiffs acquired as part of its effort to create an efficient market for inventions.  This case involves United States Patent No. 6,519,581 B1, entitled "Collection of Information Regarding a Device or a User of a Device Across a Communication Link" (the "'581 Patent"); United States Patent No. 6,546,002 B1, entitled "System and Method for Implementing an Intelligent and Mobile Menu-Interface Agent" (the "'002 Patent"); and United States Patent No. 6,510,434 B1, entitled "System and Method for Retrieving Information From a Database Using an Index of XML Tags and Metafiles" (the "'434 Patent") (collectively, the "Patents-in-Suit").

16.     On February 11, 2003, the '581 Patent was duly and lawfully issued by the PTO. A copy of the '581 Patent is attached hereto as Exhibit A.

17.     On April 8, 2003, the '002 Patent was duly and lawfully issued by the PTO. A copy of the '002 Patent is attached hereto as Exhibit B.

18.     On January 21, 2003, the '434 Patent was duly and lawfully issued by the PTO. A copy of the '434 Patent is attached hereto as Exhibit C.

19.     Intellectual Ventures I is the owner and assignee of all right, title, and interest in and to the '581 and '434 Patents and holds the right to sue and recover damages for infringement thereof, including past damages.

20.     Intellectual Ventures II is the owner and assignee of all right, title, and interest in and to the '002 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

21.     Old Republic consists of three principal business segments—Old Republic General Insurance Group, Old Republic Title Insurance Group, and Old Republic Mortgage Guaranty Group—totaling more than 139 corporate entities.  Of these entities, 27 are insurance subsidiaries operating in all 50 states.  Old Republic's companies market, underwrite, and provide risk management services for a multitude of coverages, predominantly in the general (property and casualty) and title insurance arenas.

22.     Old Republic General Insurance Group is the largest of Old Republic's business segments.  It offers a wide variety of property and casualty insurance coverages and related services, predominantly to commercial customers.  Old Republic Insurance Company is the General Insurance Group's flagship carrier.

23.     Old Republic Title Insurance Group provides title insurance policies and related real estate transaction and mortgage lending products and services to individual consumers, mortgage lenders, businesses and government agencies.  Old Republic National Title Insurance Company is an underwriter within the group.

24.     Defendants provide online services and other systems via electronic means including, but not limited to, the web sites http://www.oldrepublicinsurancecompany.com and http://www.oldrepublictitle.com.  Additionally, Defendants use and maintain computer systems and software in the course of their business, including, but not limited to, the provision of online services.  In connection with these online services and other systems, Defendants infringe one or more claims of the '581 Patent, the '434 Patent, and the '002 Patent.

25.     On August 21, 2014 Intellectual Ventures notified Defendants via letter that it would commence the filing of this suit accusing Defendants of infringing the Patents-in-Suit.

26.     As detailed in that letter, Intellectual Ventures contacted Defendants on numerous occasions beginning in June 2014.  Defendants never responded to Intellectual Ventures' licensing overtures, forcing the filing of this suit.

27.     By the filing and serving of this Original Complaint for Patent Infringement, Intellectual Ventures has again given Defendants written notice of their infringement

## COUNT I—Infringement of the '581 Patent

28.     The allegations of paragraphs 1–27 above are incorporated by reference as if fully set forth herein.

29.     Old Republic Title Insurance Group, Inc. and Old Republic National Title Insurance Company have directly infringed and continue to infringe at least claim 1 of the '581 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, without Intellectual Ventures I's authority, their computer systems that use the patented systems and methods for configuration management. By way of example only and without limiting Intellectual Ventures I's claims to this specific example, Defendants' implementation and use of its back-end configuration management and distribution software and services, infringes at least claim 1 of the '581 Patent.

30.     Intellectual Ventures I has been injured and seeks damages to adequately compensate it for Defendants' infringement of the '581 Patent.  Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

31.     Defendants will continue to infringe the '581 Patent unless enjoined by this Court. Intellectual Ventures I therefore requests that this Court enter an order under 35 U.S.C. § 283

preliminarily and permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the '581 Patent and from further infringement, contributory infringement and/or inducing infringement of the '581 Patent.

### COUNT II—Infringement of the '002 Patent

32.     The allegations of paragraphs 1–27 above are incorporated by reference as if fully set forth herein.

33.     Old Republic Title Insurance Group, Inc. and Old Republic National Title Insurance Company have directly infringed and continue to infringe at least claim 9 of the '002 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, without Intellectual Ventures II's authority, their computer systems that use the patented systems and methods for displaying user specific resources on a mobile interface.  By way of example only and without limiting Intellectual Ventures II's claims to this specific example, Defendants' implementation and use of its OR Mobile application infringes at least claim 11 of the '002 Patent.

34.     Intellectual Ventures II has been injured and seeks damages to adequately compensate it for Defendants' infringement of the '002 Patent.  Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

35.     Defendants will continue to infringe the '002 Patent unless enjoined by this Court. Intellectual Ventures II therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the

'002 Patent and from further infringement, contributory infringement and/or inducing infringement of the '002 Patent.

## COUNT III—Infringement of the '434 Patent

36.   The allegations of paragraphs 1–27 above are incorporated by reference as if fully set forth herein.

37.   Old Republic General Insurance Group, Inc. and Old Republic Insurance Company have directly infringed and continue to infringe at least claim 9 of the '434 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, without Intellectual Ventures I's authority, their computer systems that use the patented systems and methods for searching databases with metafiles. By way of example only and without limiting Intellectual Ventures I's claims to this specific example, Defendants' implementation and use of database services and systems that return information based on the content of metafiles infringes at least claims 1 and 7 of the '434 Patent.

38.   Intellectual Ventures I has been injured and seeks damages to adequately compensate it for Defendants' infringement of the '434 Patent.  Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

39.   Defendants will continue to infringe the '434 Patent unless enjoined by this Court. Intellectual Ventures I therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the '434 Patent and from further infringement, contributory infringement and/or inducing infringement of the '434 Patent.

## JURY DEMAND

40.     Plaintiffs request a jury trial of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Intellectual Ventures respectfully requests the following relief:

a.     A judgment in favor of Intellectual Ventures that each Defendant has infringed the '581, '434, and '002 Patents, whether literally or under the doctrine of equivalents, as described herein;

b.     A judgment and order requiring each Defendant to pay Intellectual Ventures its damages, costs, expenses, and pre-judgment and post-judgment interest for each Defendant's infringement of the '581, '434, and '002 Patents as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c.     An order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the Patents-in-Suit and from further infringement, contributory infringement and/or inducing infringement of the Patents-in-Suit; and

d.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Henry M. Sneath*
Henry M. Sneath, Esquire
PA I.D. No. 40559
Robert L. Wagner, Esquire
PA I.D. No. 308499
Picadio Sneath Miller & Norton, P.C.
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
(412) 288-4000
(412) 288-2405 FAX

Derek Gilliand, Esquire (*pro hac vice* pending)
Nix, Patterson & Roach, LLP
5215 N. O'Connor Blvd., Suite 1900
Irving, TX 75039

***Counsel for Plaintiffs***
***Intellectual Ventures I LLC and***
***Intellectual Ventures II LLC***